UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| THE LOVESAC CORPORATION, et al., | ) | Case No. 06-10080 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## NOTICE OF APPEAL

SAC Acquisition LLC hereby appeals under 28 U.S.C. § 158(a) from the Order (1) Granting Fees and Expenses Requested in Final Fee Applications, and (2) Granting In Part and Denying In Part Response of SAC Acquisition to Request for Payment of Professional Fees and Expenses (the "Order") which was signed on November 29, 2006 and entered on the docket on November 30, 2006 as Docket No. 739. A copy of the Order is attached hereto as Exhibit A.

The names of all parties to the Order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

1. **SAC ACQUISITION, LLC, Appellant**

   KEATING MUETHING & KLEKAMP PLL
   Robert G. Sanker
   One East Fourth Street, Suite 1400
   Cincinnati, OH 45202
   (513) 579-6587

   MORRIS JAMES LLP
   Carl N. Kunz, III
   500 Delaware Avenue, Suite 1500
   P.O. Box 2306
   Wilmington, DE 19899
   (302) 888-6811

2. **LOVESAC LIQUIDATING TRUST, Appellee**

   KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP
   Richard M. Beck, Esq.
   Joanne B. Wills, Esq.
   919 Market Street, Suite 1000

1492762/1

Wilmington, DE 19801-3062
(302) 426-1189

3. **EXECUTIVE SOUNDING BOARD ASSOCIATES, INC., Appellee**
1300 N. Market Street
Suite 506
Wilmington, DE 19801
(302) 573-6809
Attn: Neil Gilmour, III

4. **CAPITALINK, L.C., Appellee**
One Alhambra Plaza
Suite 1410
Coral Gables, FL 33134
(305) 446-2026
Attn: Barry E. Steiner

5. **GETZLER HENRICH & ASSOCIATES LLC, Appellee**
295 Madison Avenue
New York, NY 10017
(212) 697-2400
Attn: William H. Henrich

6. **KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP, Appellee**
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 426-1189
Attn: Joanne B. Wills, Esquire

7. **THE BAYARD FIRM, Appellee**
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 429-4220
Attn: Neil B. Glassman, Esquire

8. **SQUIRE SANDERS & DEMPSEY L.L.P., Appellee**
312 Walnut Street, Suite 3500
Cincinnati, OH 45202
(513) 361-1200
Attn: P. Casey Coston, Esquire

1492762/1

Respectfully submitted,

Dated: December 8, 2006

**MORRIS JAMES LLP**

*/s/ Carl N. Kunz, III*

Carl N. Kunz, III
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: ckunz@morrisjames.com

and

**KEATING MUETHING & KLEKAMP PLL**
Robert G. Sanker
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457
Email: rsanker@kmklaw.com

*Attorneys for SAC Acquisition LLC*

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE LOVESAC CORPORATION, et al., | Case No. 06-10080 (CSS) |
| Debtors. | (Jointly Administered) |

**ORDER (1) GRANTING FEES AND EXPENSES REQUESTED IN FINAL FEE APPLICATIONS, AND (2) GRANTING IN PART AND DENYING IN PART RESPONSE OF SAC ACQUISITION LLC TO REQUESTS FOR PAYMENT OF PROFESSIONAL FEES AND EXPENSES**

This Court having previously authorized the retention of the following professionals (collectively, the "Professionals" and each, a "Professional") in the cases of the above-captioned debtors (the "Debtors"): (i) Klehr, Harrison, Harvey, Branzburg & Ellers, LLP ("Klehr Harrison"); (ii) Executive Sounding Board Associates, Inc. ("ESBA"); (iii) The Bayard Firm ("Bayard"); (iv) Squire, Sanders & Dempsey LLP ("Squire Sanders"); (v) Getzler Henrich & Associates ("Getzler Henrich"); and (vi) Capitalink LC ("Capitalink"); and each Professional having filed a final application for compensation and reimbursement of expenses (each, a "Final Application"); and the Court having conducted a hearing with respect to each Final Application; and the Court having considered the Response of SAC Acquisition LLC ("SAC Acquisition") to Request for Payment of Professional Fees and Expenses (the "SAC Acquisition Response"); and the Court having determined that the relief requested in each Final Fee Application is in the best interest of the Debtors, their estates, their creditors, and all parties-in-interest; and the Court having determined SAC Acquisition's liability with respect to the Asset Purchase Agreement dated June 23, 2006 between SAC Acquisition and the Debtors (the "APA") with respect to each

Final Application; and it appearing that adequate and proper notice of each Final Application and the hearing to consider each Final Application has been given and that no other or further notice is necessary; and good and sufficient cause appearing therefore, it is hereby

ORDERED ADJUDGED AND DECREED THAT:

1. The Final Applications are GRANTED as follows:

    a. Klehr Harrison's Final Application is approved. Klehr Harrison is granted final allowance of fees in the amount of $487,427.75 and expenses in the amount of $15,986.58, for a total of $503,414.33.

    b. ESBA's Final Application is approved. ESBA is granted final allowance of fees in the amount of $154,486.00 and expenses in the amount of $2,861.48, for a total of $157,347.48.

    c. Bayard's Final Application is approved. Bayard is granted final allowance of fees in the amount of $250,565.00 and expenses in the amount of $16,127.80, for a total of $266,692.80.

    d. Squire Sanders' Final Application is approved. Squire Sanders is granted final allowance of fees in the amount of $483,611.00 and expenses in the amount of $53,785.79, for a total of $537,396.79.

    e. Getzler Henrich's Final Application is approved. Getzler Henrich is granted final allowance of fees in the amount of $582,828.75 and expenses in the amount of $36,822.12, for a total of $619,650.87.

    f.    Capitalink's Final Application is approved. Capitalink is granted final allowance of fees in the amount of $105,000.00 and expenses in the amount of $4,384.69, for a total of $109,384.69.

    g.    The foregoing Professionals are directed to setoff any amounts approved by this Order against any remaining pre-petition or post-petition retainer.

2.    The objections set forth in the SAC Acquisition Response are GRANTED in part and DENIED in part as follows:

    a.    For the sole purpose of determining SAC Acquisition's liability for payment of fees under paragraph 2 of Exhibit 2.3 to the APA, Kurtzman Carson Consultants LLC is not a professional within the meaning of this paragraph. SAC Acquisition is not required to pay any fees or expenses of Kurtzman Carson Consultants LLC under paragraph 2 of Exhibit 2.3 of the APA.

    b.    SAC Acquisition is directed to pay to Klehr Harrison $299,431.00 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

    c.    SAC Acquisition is directed to pay to ESBA $93,563.51 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

    d.    SAC Acquisition is directed to pay to Bayard $142,971.37 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

PHIL1 707206-1

  e. SAC Acquisition is directed to pay to Squire Sanders $244,501.86 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

  f. SAC Acquisition is directed to pay to Getzler Henrich $263,224.85 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

  g. SAC Acquisition is directed to pay to Capitalink $25,000.00 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

3. The Liquidating Trust established pursuant to the Debtors' plan of liquidation (the "Liquidating Trust") is hereby authorized to pay each Professional the difference, if any, between the amounts allowed by this Order and the sum of (a) amounts paid to each Professional by SAC Acquisition in connection with this Order, (b) the actual interim amounts received by each Professional and (c) any retainer paid to any Professional.

4. This Order is a separate order for each Professional and the appeal of any order with respect to any Professional shall have no effect on the authorized fees and expenses of the other Professionals.

Dated: Wilmington, Delaware
   November 29, 2006

           *[signature]*
           The Honorable Christopher S. Sontchi
           United States Bankruptcy Judge

- 4 -

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| THE LOVESAC CORPORATION, *et al.*, | ) Case No. 06-10080 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |

### AFFIDAVIT OF CASSANDRA D. LEWICKI, PARALEGAL

STATE OF DELAWARE     :
                      : SS
NEW CASTLE COUNTY     :

I, Cassandra D. Lewicki, certify that I am, and at all times during the service have been an employee of Morris James LLP[1], not less than 18 years of age and not a party to the matter concerning which service was made. I certify further that on December 8, 2006, I caused service of the following:

### NOTICE OF APPEAL

Service was completed upon the parties on the attached service list in the manner as indicated.

Date:   December 8, 2006

*Cassandra D. Lewicki*
Cassandra D. Lewicki

SWORN TO AND SUBSCRIBED before me this 8th day of December 2006.

*Sheila M. Godwin*
NOTARY

SHEILA M. GODWIN
Notary Public - State of Delaware
My Comm. Expires Mar. 17, 2009

---

[1] Effective November 22, 2006, Morris, James, Hitchens & Williams LLP changed its name to Morris James LLP.

- 1 -

1494000

## SERVICE LIST

**VIA HAND DELIVERY**
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
Richard M. Beck, Esq.
Joanne B. Wills, Esq.
919 Market Street, Suite 1000
Wilmington, DE 19801-3062

**VIA HAND DELIVERY**
Executive Sounding Board Associates, Inc.
Attn: Neil Gilmour, III
1300 N. Market Street
Suite 506
Wilmington, DE 19801

**VIA FIRST CLASS MAIL AND FAX**
Capitalink, L.C.
Attn: Barry E. Steiner
One Alhambra Plaza
Suite 1410
Coral Gables, FL 33134
Fax: (305) 446-2926

**VIA FIRST CLASS MAIL AND FAX**
Getzler Henrich & Associates LLC
Attn: William H. Henrich
295 Madison Avenue
New York, NY 10017
Fax: (212) 697-4812

**VIA HAND DELIVERY**
The Bayard Firm
Attn: Neil B. Glassman, Esq.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

**VIA FIRST CLASS MAIL AND FAX**
Squire Sanders & Dempsey L.L.P.
Attn: P. Casey Coston, Esq.
312 Walnut Street, Suite 3500
Cincinnati, OH 45202
Fax: (513) 361-1201

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

**APPEAL TRANSMITTAL SHEET**

Case Number: _____  ○ BK   ○ AP
   If AP, related BK Case Number: _____

Title of Order Appealed:
_____
      Docket Number: _____      Date Entered: _____

Item Transmitted:  ○ Notice of Appeal      ○ Motion for Leave to Appeal
                  ○ Amended Notice of Appeal  ○ Cross Appeal
      Docket Number: _____      Date Filed: _____

*Appellant/Cross Appellant:          *Appellee/Cross Appellee
_____  _____
Counsel for Appellant:                  Counsel for Appellee:
_____  _____
_____  _____
_____  _____
_____  _____

*If additional room is needed, please attach a separate sheet.*

Filing Fee paid?  ○ Yes  ○ No

IFP Motion Filed by Appellant?  ○ Yes  ○ No

Have Additional Appeals to the Same Order been Filed?  ○ Yes  ○ No
   If so, has District Court assigned a Civil Action Number?  ○ Yes  ○ No  Civil Action # _____

Additional Notes:
_____

_____       By: _____
Date                                       Deputy Clerk

**FOR USE BY U.S. BANKRUPTCY COURT**

Bankruptcy Court Appeal (BAP) Number: _____
7/6/06

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| THE LOVESAC CORPORATION, et al., | : Case No. 06-10080 (CSS) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

**ORDER (1) GRANTING FEES AND EXPENSES REQUESTED IN FINAL FEE APPLICATIONS, AND (2) GRANTING IN PART AND DENYING IN PART RESPONSE OF SAC ACQUISITION LLC TO REQUESTS FOR PAYMENT OF PROFESSIONAL FEES AND EXPENSES**

This Court having previously authorized the retention of the following professionals (collectively, the "Professionals" and each, a "Professional") in the cases of the above-captioned debtors (the "Debtors"): (i) Klehr, Harrison, Harvey, Branzburg & Ellers, LLP ("Klehr Harrison"); (ii) Executive Sounding Board Associates, Inc. ("ESBA"); (iii) The Bayard Firm ("Bayard"); (iv) Squire, Sanders & Dempsey LLP ("Squire Sanders"); (v) Getzler Henrich & Associates ("Getzler Henrich"); and (vi) Capitalink LC ("Capitalink"); and each Professional having filed a final application for compensation and reimbursement of expenses (each, a "Final Application"); and the Court having conducted a hearing with respect to each Final Application; and the Court having considered the Response of SAC Acquisition LLC ("SAC Acquisition") to Request for Payment of Professional Fees and Expenses (the "SAC Acquisition Response"); and the Court having determined that the relief requested in each Final Fee Application is in the best interest of the Debtors, their estates, their creditors, and all parties-in-interest; and the Court having determined SAC Acquisition's liability with respect to the Asset Purchase Agreement dated June 23, 2006 between SAC Acquisition and the Debtors (the "APA") with respect to each

Final Application; and it appearing that adequate and proper notice of each Final Application and the hearing to consider each Final Application has been given and that no other or further notice is necessary; and good and sufficient cause appearing therefore, it is hereby

ORDERED ADJUDGED AND DECREED THAT:

1. The Final Applications are GRANTED as follows:

   a. Klehr Harrison's Final Application is approved. Klehr Harrison is granted final allowance of fees in the amount of $487,427.75 and expenses in the amount of $15,986.58, for a total of $503,414.33.

   b. ESBA's Final Application is approved. ESBA is granted final allowance of fees in the amount of $154,486.00 and expenses in the amount of $2,861.48, for a total of $157,347.48.

   c. Bayard's Final Application is approved. Bayard is granted final allowance of fees in the amount of $250,565.00 and expenses in the amount of $16,127.80, for a total of $266,692.80.

   d. Squire Sanders' Final Application is approved. Squire Sanders is granted final allowance of fees in the amount of $483,611.00 and expenses in the amount of $53,785.79, for a total of $537,396.79.

   e. Getzler Henrich's Final Application is approved. Getzler Henrich is granted final allowance of fees in the amount of $582,828.75 and expenses in the amount of $36,822.12, for a total of $619,650.87.

  f. Capitalink's Final Application is approved. Capitalink is granted final allowance of fees in the amount of $105,000.00 and expenses in the amount of $4,384.69, for a total of $109,384.69.

  g. The foregoing Professionals are directed to setoff any amounts approved by this Order against any remaining pre-petition or post-petition retainer.

2. The objections set forth in the SAC Acquisition Response are GRANTED in part and DENIED in part as follows:

  a. For the sole purpose of determining SAC Acquisition's liability for payment of fees under paragraph 2 of Exhibit 2.3 to the APA, Kurtzman Carson Consultants LLC is not a professional within the meaning of this paragraph. SAC Acquisition is not required to pay any fees or expenses of Kurtzman Carson Consultants LLC under paragraph 2 of Exhibit 2.3 of the APA.

  b. SAC Acquisition is directed to pay to Klehr Harrison $299,431.00 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

  c. SAC Acquisition is directed to pay to ESBA $93,563.51 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

  d. SAC Acquisition is directed to pay to Bayard $142,971.37 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

      e.      SAC Acquisition is directed to pay to Squire Sanders $244,501.86 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

      f.      SAC Acquisition is directed to pay to Getzler Henrich $263,224.85 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

      g.      SAC Acquisition is directed to pay to Capitalink $25,000.00 within five (5) days of this Order becoming a Final Order as that term is defined in the APA.

3.      The Liquidating Trust established pursuant to the Debtors' plan of liquidation (the "Liquidating Trust") is hereby authorized to pay each Professional the difference, if any, between the amounts allowed by this Order and the sum of (a) amounts paid to each Professional by SAC Acquisition in connection with this Order, (b) the actual interim amounts received by each Professional and (c) any retainer paid to any Professional.

4.      This Order is a separate order for each Professional and the appeal of any order with respect to any Professional shall have no effect on the authorized fees and expenses of the other Professionals.

Dated:      Wilmington, Delaware
              November 29, 2006

                                              The Honorable Christopher S. Sontchi
                                              United States Bankruptcy Judge